UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEN ARNULFO RODRIGUEZ HERRERA,

Petitioner,

v.

NORBIL VASQUEZ et al.,

Respondents.

Case No. 1:26-cv-2617

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to appear *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an order entered on September 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response that same day. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is not a United States citizen. On November 24, 2026, Petitioner was arrested by ICE agents. (Pet., ECF No. 1, PageID.4.)

On April 8, 2026, the Immigration Court ordered Petitioner's removal from the United States. (Board of Immigration Appeals (BIA) Order, ECF No. 5-1, PageID.20.) Petitioner appealed that order to the BIA; however, on August 18, 2026, Petitioner filed a motion to withdraw his appeal. (*Id.*) On August 21, 2026, the BIA granted Petitioner's motion, concluding the appeal before the BIA. (*Id.*)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on August 21, 2026, the BIA granted Petitioner's motion to withdraw his appeal of the August 8, 2026, Order of Removal, thereby concluding Petitioner's appeal before the BIA, (BIA Order, ECF No. 5-1, PageID.20), and rendering Petitioner's Order of Removal administratively final. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C.

§ 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[1]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 6, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[1] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.